# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8260 | **DATE** | 5/14/2003 |
| **CASE TITLE** | DOREEN WILKES vs. HARRAH'S CASINO JOLIET | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held and continued to 6/18/03 at 9:00 a.m. Enter Memorandum Opinion And Order. Defendant's motion to dismiss is granted. Plaintiff is granted leave to file an amended complaint within fourteen days of the date of this order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | Document Number |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAY 15 2003 | | |
| ✓ | Docketing to mail notices. | | date docketed | | 16 |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 03 MAY 14 PM 4: 23 | | | |
| LG courtroom deputy's initials | | Date/time received in Central Clerk's Office | date mailed notice mailing deputy initials | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DOREEN WILKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 02 C 8260 |
| v. | ) |
| | ) Honorable John W. Darrah |
| HARRAH'S CASINO JOLIET, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Doreen Wilkes ("Plaintiff"), filed a five-count complaint against Defendant, Harrah's Casino Joliet ("Defendant"), alleging sex discrimination (Count I), constructive discharge (Count II), breach of contract (Count III), retaliatory practices (Count IV), and emotional distress (Count V). Defendant moves, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), to dismiss. In response to the Motion to Dismiss, Plaintiff withdraws Counts IV and V. For the reasons that follow, Defendant's Motion to Dismiss is granted as to the remaining counts.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim,' . . . he must 'set out sufficient factual matter to outline the

elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985) (internal citation omitted). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For purposes of this Motion to Dismiss, the following allegations are taken as true.

Plaintiff, an African-American woman, was hired by Defendant on or about December 26, 2000, as a Senior Secretary for Guest Safety. On or about June 18, 2001, Craig Love ("Love") was hired as the manager of the Guest Safety Department. As manager of the Guest Safety Department, Love was Plaintiff's immediate supervisor.

Beginning on or about June 19, 2001, and continuing through August 30, 2001, Love made the following lewd and inappropriate comments to and around Plaintiff during the work day: (1) asking her whether she had a boyfriend; (2) asking her out on dates; (3) complimenting her on her appearance; (4) giving her his telephone numbers and asking her to call him; (5) telling Plaintiff that she needed to be "laid" by him when she attempted to discuss a medical problem with him; (6) telling Plaintiff, when she attempted to discuss a medical problem with him, that she was probably pregnant and, if she was not, that she should be impregnated by him,; (7) asking Plaintiff about her weekend plans; and (8) asking Plaintiff if she "had any friends like her". Plaintiff repeatedly told Love that his comments were inappropriate and unwelcome.

Additionally, on August 31, 2001, when Plaintiff punched the time clock after working a full eight-hour day, Love stopped her and told her that it was not time to go. The following day, Love told Plaintiff that the time clock was wrong, that she had left too early the previous day, and that her

early departure made him look bad. Plaintiff told Love that she believed that he was harassing her in a different way. When Love asked what he could do for her, Plaintiff replied that she would speak to Human Resources.

Yvette, a Human Resources employee, called Plaintiff at home to discuss the incident. After attempting to contact her boss for a telephone conference with Plaintiff, Yvette asked Plaintiff to submit a written statement regarding Love's conduct. On or about September 2001, Yvette contacted Plaintiff regarding the statement and was told that Plaintiff was obtaining advice and would contact her later. Shortly after this conversation, Plaintiff received her final paycheck in the mail from Defendant and assumed she had been terminated. Plaintiff had no intentions of quitting her job.

On April 12, 2002, Plaintiff filed a charge of discrimination for sexual harassment with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff received a "Notice of Right to Sue" on or about October 15, 2002. Plaintiff's Notice of Right to Sue from the EEOC was dated July 22, 2002. Plaintiff filed this action on November 13, 2002.

## DISCUSSION

*Count I*

Defendant argues that Count I should be dismissed because Plaintiff failed to file suit within ninety days of receipt of her Notice of Right to Sue. Defendant argues that because the right-to-sue notice was sent by certified mail to Plaintiff's attorney on July 22, 2002, 114 days before she filed suit, Count I is untimely.

Title VII of the Civil Rights Act of 1964 ("Title VII") provides that a civil action alleging a Title VII violation must be filed within ninety days of receipt of a right-to-sue notice from the EEOC.

42 U.S.C. § 2000e-5(f)(1). The ninety-day period begins to run on the date the right-to-sue notice is actually received by the Plaintiff or her attorney. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). The actual notice rule does not apply to plaintiffs who fail to receive actual notice through their own fault. *St. Louis v. Alverno College*, 744 F.2d 1314, 1316-17 (7th Cir. 1984). However, "[i]f . . . a plaintiff fails to pick up the letter before the Post Office returns it to . . . [the EEOC] and the plaintiff therefore does not actually receive the letter until a later date, . . . [the plaintiff] would have the burden of producing . . . facts [regarding why she had not gotten the letter within the date specified] so that the court could . . . determine whether she was at fault." *Houston v. Sidley & Austin*, 185 F.3d 837, 840 n.5 (7th Cir. 1999).

The complaint alleges that Plaintiff filed a charge of discrimination with the EEOC on April 16, 2002, and received the right-to-sue notice on or about October 15, 2002, despite the fact that the right-to-sue-notice is dated July 22, 2002. In her opposition to Defendant's Motion to Dismiss, Plaintiff states that on July 16, 2002, Plaintiff's counsel requested that the right-to-sue notice be sent to counsel at a particular address. However, the EEOC sent the notice to the post office box that was no longer in service on July 27 and August 3, 2003; and then the notice was returned undelivered to the EEOC on August 13, 2002. Counsel for Plaintiff did not actually receive the notice until October 15, 2002, and filed the complaint less than thirty days later. Thus, Plaintiff argues, Count I is timely, and Plaintiff has met the jurisdictional requirements.

The Court disagrees. The complaint does not allege the additional facts that Plaintiff argues establish that she has met the jurisdictional requirements of Title VII. Nor is there a sufficient explanation for Plaintiff's untimely receipt of the right-to-sue notice. Moreover, "[a]s a general rule, a complaint may not be amended by briefs in opposition to a motion to dismiss." *Perkins v.*

*Silverstein*, 939 F.2d 463, 471 n.6 (7th Cir. 1991). Therefore, Defendant's Motion to Dismiss is granted without prejudice as to Count I.

*Counts II & III*

Defendant argues that Counts II and III should be dismissed because they are preempted by the Illinois Human Rights Act ("IHRA"), 775 Ill. Comp. Stat. 5/1-101 *et seq.*

"Under Illinois law, when the allegations on which a state law tort is based constitute a civil rights violation under the [IHRA], the tort is preempted." *Westphal v. City of Chicago*, 8 F. Supp. 2d 809, 811-812 (N.D. Ill. 1998) (quoting *Krocka v. Riegler*, 958 F. Supp. 1333, 1346 (N.D. Ill. 1997)). Under the IHRA, no court of the State of Illinois, except as otherwise provided by law, shall have jurisdiction over the subject of an alleged civil rights action other than as set forth in the Act. 775 Ill. Comp. Stat. 5/8-111(C) (2001). The IHRA prohibits sexual harassment. 775 Ill. Comp. Stat. 5/2-102(D).

If the state common law action is "inextricably linked" to the allegation of discrimination, the claim must be brought before the Illinois Human Rights Commission. *Westphal*, 8 F. Supp. 2d at 812 (citing *Geise v. Phoenix Co. of Chicago*, 159 Ill. 2d 507 (1994)). A state common law action is not inextricably linked to an allegation of discrimination when "the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish[] the legal duty that the defendant was alleged to have breached'"; and, thus, the claim is not preempted by the IHRA. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) (quoting *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 516 (1997)).

Plaintiff's claim for constructive discharge is barred by the IHRA because it is inextricably linked to her Title VII claim. Count II realleges the allegations that form the basis for Plaintiff's

Title VII claim. Count II, a claim for constructive discharge, alleges that (1) Defendant subjected Plaintiff to a continuously hostile work environment, (2) Defendant did not protect Plaintiff after she complained, and (3) "Plaintiff was forced out of her position due to the failure of Defendant to take appropriate measures to provide Plaintiff with a safe work environment." (Compl. ¶¶ 35-37.) It should be noted that Count II also realleges the previous allegations of the complaint. Paragraphs 30 and 31 contradict the allegations in Count II, alleging that "Plaintiff was mailed and received her final paycheck from Defendant and *assumed* that she was terminated" and that she "never had any intentions on [sic] quitting her job . . . and only wanted Defendants [sic] to conduct a thorough investigation with regard" to Love's alleged misconduct. (Compl. ¶¶ 30, 31) (emphasis added). The other allegations in the complaint detail the harassment that Plaintiff allegedly suffered at Love's hands that form the basis of Plaintiff's Title VII claim. (Compl. ¶¶ 16-26.) This type of discriminatory conduct is prohibited by the IHRA. If there were no claim of sex discrimination, plaintiff would not have a claim for constructive discharge against Defendant. Thus, the constructive discharge is inextricably linked to her claim of discrimination under Title VII. Therefore, Count II is barred by the IHRA; and dismissal is appropriate.

Count III, a claim for breach of contract, alleges that (1) "Defendant had the duty to provide Plaintiff with a safe work environment free from sexual harassment"; (2) "[u]pon Plaintiff's reporting of the sexual harassment she was subject to, Defendant had a duty to remedy the wrong immediately"; and (3) "[i]nstead of providing Plaintiff with a safe and comfortable work environment[,] Defendant placed Plaintiff in a position of still having to work under . . . Love's supervision." (Compl. ¶¶ 39-41.) Count III also realleges the previous allegations of the complaint that form the basis of her Title VII claim. Likewise, if there were no claim of sex discrimination,

plaintiff would not have a claim for breach of contract against Defendant. Thus, the breach of contract is inextricably linked to her claim of discrimination under Title VII. Therefore, Count III[1] is barred by the IHRA; and dismissal is appropriate.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is granted. Plaintiff is granted leave to file an amended complaint within fourteen days of the date of this Order.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: May 14, 2003

---

[1] In her brief in opposition to Defendant's Motion to Dismiss, Plaintiff argues that she relied on Defendant's policy and procedures manual and that the statements in this manual created a valid enforceable contract which was breached by Defendant to Plaintiff's detriment. However, this argument is made solely in Plaintiff's brief in opposition and cannot be found anywhere in the complaint. As was noted above, a complaint cannot be amended by briefs in opposition to a motion to dismiss. *Perkins*, 939 F.2d at 471 n.6. Thus, the motion to dismiss will not be denied on this basis.